UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

CHRISTOPHER T. BROWN,

                        Plaintiff,

- versus -

CATHOLIC CHARITIES OF NYC/BEACON
OF HOPE HOUSE,

                        Defendant.

ORDER
12-CV-5875 (JG)

JOHN GLEESON, United States District Judge:

       On November 23, 2012, *pro se* plaintiff Christopher Brown filed the instant complaint alleging violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), against defendant Catholic Charities of NYC/Beacon of Hope House ("Catholic Charities"). Brown's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed but Brown is granted permission to file an amended complaint within thirty days.

## BACKGROUND

       Brown alleges that Catholic Charities discriminated against him based on his race and gender. Compl. pp. 3, 7. The nature of Brown's employment is unclear; however, he alleges that he was a "per diem worker" for Catholic Charities. Specifically, Brown claims that at one point in his employment he was asked by a female supervisor, Tiah[1], to help with a food delivery even though it was not part of his "job description." Compl. p. 7. He challenged the assignment but was required to complete it. *Id.* Brown injured his back during this task. *Id.* Three days later, on February 1, 2012, he was terminated for "no credible reason." Compl. p. 7.

---

[1] Brown refers to the supervisor only as "Tiah." It is unclear whether this is her first or last name.

DISCUSSION

*A.    Standard of Review*

A court must construe a *pro se* litigant's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), especially when those pleadings allege civil rights violations, *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).  A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citation omitted).

Although courts must read *pro se* complaints with "special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks and citation omitted), and interpret them "to raise the strongest arguments that they suggest," *id.* at 476 (internal quotation marks and citation omitted), the complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

*B.    Analysis*

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1).  To establish a prima facie case of discrimination, a plaintiff must show that: (1) he is a member of a

protected class, (2) he was qualified for the position he held, and (3) he suffered an adverse employment action (4) under circumstances giving rise to an inference of discrimination. *Ruiz v. County of Rockland,* 609 F.3d 486, 491 (2d Cir. 2010); *Joseph v. North Shore University Hosp.*, No. 08 CV 3799 (ARL), 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011).

Here, the nature of Brown's Title VII complaint is unclear. He checked a box on the employment discrimination form provided by the court indicating that he was discriminated against on the basis of his gender and race. Yet he fails to indicate his race. Within his compliant, Brown provides the race of a coworker, two supervisors and the director, and the sex of each is implied. However, he fails to allege any facts that show he was terminated under circumstances giving rise to an inference of discrimination based on his race or sex. Brown simply asserts that after he challenged Tiah's request that he deliver food he was found to be at fault by: (1) his supervisor, Richard Omega (who is black); (2) Tiah (who is white); and (3) the Director, Dennis Simone (who is white). Compl. p. 7. Three days later, Omega and Tiah informed Brown that "as of today, we no longer need your services." Compl. p. 7.

Brown must allege facts sufficient to allow Catholic Charities to have a fair understanding of what he is complaining about and to know whether there is a legal basis for recovery. *See Bell Atlantic Corp.*, 550 U.S. at 555 (Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Ricciuti v. New York City Transit Auth*, 941 F.2d 119, 123 (2d Cir. 1991) ("[Rule 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]"). Brown fails to allege facts to support that he is entitled to relief under Title VII, *i.e.*, that his termination occurred under circumstances giving rise to an inference of

3

discrimination. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010) (although *Twombly* and *Iqbal* do not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

## CONCLUSION

The complaint is dismissed, but Brown is granted 30 days from the date of this order to amend his employment discrimination complaint to correct the deficiencies noted above. The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that defendant discriminated against him in violation of Title VII. Specifically, Brown should do the best he can to allege particularized facts supporting his claim that the actions he complained about by Catholic Charities were based on his race or sex.

No summons shall issue at this time and all further proceedings shall be stayed until Brown has complied with this Order. If he fails to file an amended complaint within 30 days, the case shall be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: February 15, 2013

4

Brooklyn, New York